UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARC ANTHONY MASCUZZIO,

                Plaintiff,

          - against -

DR. FREDDY E. NOTARNICOLA SR.,
JOHN NOTARNICOLA, and AMANDA
NOTARNICOLA,

                Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
2:25-CV-5795 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

On October 15, 2025, Plaintiff Marc Anthony Mascuzzio, proceeding *pro se*, filed the above-captioned case against Defendants, Dr. Freddy E. Notarnicola Sr., John Notarnicola, and Amanda Notarnicola, pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., Dkt. 1, at ECF[1] 1, 8.) Plaintiff alleges that Defendants unlawfully seized his personal property. (*Id.* at ECF 5, 8–9.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, (*see* IFP Mot., Dkt. 2), but dismisses the Complaint for the reasons set forth below. If Plaintiff wishes to submit an amended complaint, he may do so within thirty (30) days of this Memorandum and Order.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## BACKGROUND[2]

Plaintiff's mother died on January 25, 2025, while Plaintiff was incarcerated at the Nassau County Correctional Facility. (Compl., Dkt. 1, at ECF 9.) Defendant John Notarnicola informed Plaintiff that he would "assume control [of Plaintiff's mother's estate] per her final wishes." (*Id.*) Defendant John Notarnicola assured Plaintiff that all of Plaintiff's "personal belongings and family artifacts" that were located at Plaintiff's former residence, 1830 Bellmore Avenue, Unit 19, Bellmore, New York, "would be secured until Plaintiff's release." (*Id.* at ECF 9–10.) Between January and March 2025, those items were moved to 20 Wetmore Road, Staten Island, New York. (*Id.* at ECF 10.) The items moved include a diamond engagement ring valued at approximately $38,000, an oil painting of Plaintiff's mother by his father, and personal and business items that Plaintiff values collectively at approximately $250,000. (*Id.*) 20 Wetmore Road is a property owned by Defendant Dr. Freddy E. Notarnicola Sr. and managed by Defendant Amanda Notarnicola. (*Id.*) Plaintiff does not identify his or his parents' relationship with Defendants. (*See generally id.*)

Plaintiff was released from detention on March 29, 2025. (*Id.* at ECF 10.) When he returned to his former residence at 1830 Bellmore Avenue, he was "denied access" and "informed that all property was now at 20 Wetmore [Road]." (*Id.*) "Plaintiff has attempted multiple times to retrieve his belongings" from 20 Wetmore Road, but "was threatened with arrest if he returns to the premises." (*Id.*)

---

[2] The Court assumes that all material factual allegations in the Complaint are true for the purpose of this Memorandum and Order. *See Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 58 (2d Cir. 1998) (when reviewing complaint for *sua sponte* dismissal, court is required to "accept the material allegations in the complaint as true").

2

Plaintiff "ha[s] been suffering severe mental anguish" and has experienced panic attacks due to Defendants' conduct. (*Id.* at ECF 6.) He seeks damages of $3,750,000. (*Id.*)

## LEGAL STANDARD

The Court is required to dismiss any complaint brought IFP if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when the claim is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (first quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); then citing *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam); and then citing *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995)). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)), *aff'd*, 569 U.S. 108 (2013).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, so the Court reads a plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments and claims it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) ("The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable

allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (alteration in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant the party the opportunity to amend the complaint before dismissal. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *accord Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

Plaintiff brings this lawsuit pursuant to Section 1983, alleging that Defendants unlawfully seized his property in violation of his constitutional rights. (Compl., Dkt. 1, at ECF 8–9.) Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). In order for Plaintiff to maintain an action under Section 1983, (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Garcia v. City of New York*, No. 12-CV-4655 (MKB), 2013 WL 153756, at *2 (E.D.N.Y. Jan. 14, 2013) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). The first element means that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Plaintiff has failed to state a claim under Section 1983. First, Plaintiff names only private persons, not state actors, as the defendants to this action. Although he pleads that Defendants acted "under color of state law or in concert with state actors to deprive Plaintiff of his property," (Compl., Dkt. 1, at ECF 10), he does not state any facts to support this allegation. Plaintiff therefore does not allege that the conduct he complains of was committed by a person or persons

acting under color of state law.  *See Augustus v. AHRC Nassau*, No. 13-CV-6227 (PKC), 2013 WL 6173782, at *2 (E.D.N.Y. Nov. 20, 2013) (collecting cases).

Second, Plaintiff has not alleged that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution or federal law.  Plaintiff states that Defendants violated his rights under the Fourth and Fourteenth Amendments for unlawfully seizing and depriving him of his property without due process.  (*See* Compl., Dkt. 1, at ECF 10.)  However, "[t]he Fourth Amendment does not protect against actions taken by private individuals, unless it can be shown that the private individuals acted in concert with government officials, thereby permitting the Court to attribute the actions of the private citizen to state actors."  *Gause v. Claude*, No. 18-CV-5505 (JS) (SIL), 2021 WL 2156795, at *4 (E.D.N.Y. May 27, 2021) (citing *Ciambriello v. County of Nassau*, 292 F.3d 307, 323–24 (2d Cir. 2002)).  Similarly, the Fourteenth Amendment "applies only to state action" and "offers no shield against private conduct."  *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) (citation and internal quotation marks omitted).  Since Plaintiff has not alleged any facts suggesting that Defendants acted in concert with government actors, his Section 1983 claim must be dismissed.

Given that Plaintiff has not stated a claim for relief under federal law, the Court declines to exercise supplemental jurisdiction over his state law claims for conversion and intentional infliction of emotional distress.  (Compl., Dkt. 1, at ECF 10); 28 U.S.C. § 1367(c)(3); *see also Claudio v. Sawyer*, 675 F. Supp. 2d 403, 410–11 (S.D.N.Y. 2009) ("[W]here the federal claims are dismissed at an early stage in the litigation, the Second Circuit has generally held that it is inappropriate for the district court to exercise supplemental jurisdiction."), *aff'd*, 409 F. App'x 464

(2d Cir. 2011). The Court dismisses those claims without prejudice. Plaintiff may bring those claims in state court if he so chooses.[3]

## CONCLUSION

The Court grants Plaintiff's request to proceed IFP. Plaintiff's Complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted thirty (30) days to file an amended complaint if he believes he can meet the standard for Section 1983 claims described above. If he elects to do so, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 2:25-CV-5795 (PKC) (ST). The amended complaint will replace the original complaint, so it must stand on its own without reference to the original complaint. The amended complaint will be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 18, 2025
Brooklyn, New York

---

[3] The Court expresses no opinion about the merits of Plaintiff's state law claims.

6